1
2
3                          UNITED STATES DISTRICT COURT
4                          NORTHERN DISTRICT OF CALIFORNIA
5
6
7
8    j2 GLOBAL COMMUNICATIONS,              No. C 08-4254 PJH
     INC.,
9                                           **ORDER GRANTING MOTION TO**
                    Plaintiff,              **WITHDRAW AS COUNSEL AND**
10                                          **SETTING ASIDE ENTRY OF**
             v.                             **DEFAULT**
11
     BLUE JAY, INC., et al.,
12
                    Defendants.
13   _____/

14           Before the court is Sedgwick, Detert, Moran & Arnold LLP's ("Sedgwick") motion to

15   withdraw as counsel of record in this matter for defendant Neil Luxenberg ("Luxenberg").

16   Also before the court is plaintiff j2 Communications, Inc. ("j2") and Sedgwick's stipulation to

17   set aside entry of default as to Luxenberg.  Neither defendants nor j2 oppose the motion to

18   withdraw.  The court finds these matters suitable for decision without oral argument

19   pursuant to Civil Local Rule 7-1(b), and therefore VACATES the hearing scheduled for

20   February 25, 2009.  For the reasons stated below, Sedgwick's motion to withdraw is

21   GRANTED and the entry of default as to Luxenberg is set aside.

22                                   **DISCUSSION**

23           According to Civil Local Rule 11-5, "[c]ounsel may not withdraw from an action until

24   relieved by order of Court after written notice has been given reasonably in advance to the

25   client and to all other parties who have appeared in the case."  Further, "[w]hen withdrawal

26   by an attorney from an action is not accompanied by simultaneous appearance of substitute

27   counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the

28   condition that papers may continue to be served on counsel for forwarding purposes, unless

     and until the client appears by other counsel or pro se."  Civil L.R. 11-5(b).  In this district,

1    the conduct of counsel, including withdrawal of counsel, is governed by the standards of

2    professional conduct required of members of the State Bar of California.  See Elan

3    Transdermal Limited v. Cygnus Therapeutic Systems, 809 F.Supp. 1383, 1387 (N.D. Cal.

4    1992).  Under California Rule of Professional Conduct 3-700(C)(1)(d), an attorney may

5    request permission to withdraw if the client's "conduct renders it unreasonably difficult for

6    the [attorney] to carry out the employment effectively."   An attorney may also request

7    permission to withdraw if the client breaches an agreement or obligation to the member as

8    to expenses or fees.  California Rules of Professional Conduct Rule 3-700(C)(1)(f).  The

9    decision to grant or deny an attorney's motion to withdraw as counsel is committed to the

10   sound discretion of the trial court.  LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998).

11          In the present case, Sedgwick seeks to withdraw as counsel of record for Luxenberg

12   on two grounds: (1) Luxenberg has become non-responsive to requests by counsel for

13   information making it unreasonably difficult to continue the representation; and (2)

14   Luxenberg has breached an agreement by failing to pay attorney's fees.  In support of its

15   motion, Sedgwick submitted the declaration of John Gherini ("Gherini"), an associate at

16   Sedgwick.  In his declaration, Gherini attests that Luxenberg retained the law firm of

17   Thompson Coburn to represent him in this action, which then retained Sedgwick as local

18   counsel.  Gherini Decl. ¶¶ 3-4.  Gherini further attests that starting in December 2008,

19   Luxenberg commenced a pattern of failing to respond to correspondence from the law firm

20   of Thompson Coburn, including several phone and e-mail messages.  Id. ¶¶ 6-7.  Gherini

21   also attests that Luxenberg has failed to pay any bills for services rendered to date.   Id. ¶ 7.

22          In a letter dated January 7, 2009, Sedgwick informed Luxenberg that the court, at the

23   December 18, 2008 case management conference, had requested additional information

24   from him pertaining to alternative dispute resolution and the use of a magistrate judge.

25   Gherini Decl. ¶ 8, Exh. A.  The letter also informed Luxenberg that if he did not contact

26   Sedgwick by January 9, 2009, to discuss the payment of bills and the information requested

27   by the court, Sedgwick would file a motion to withdraw as counsel on January 12, 2009.  Id.

28   No response was received.  Id. ¶ 8.  In a letter dated January 12, 2009, Sedgwick, again,

     informed Luxenberg of its intent to file a motion to withdraw if Luxenberg did not contact

1  Sedgwick by January 16, 2009.  Id. ¶ 9, Exh. B.  The letter also informed Luxenberg that if

2  the court granted the motion to withdraw, the case would continue and an adverse judgment

3  could be entered against him if he did not appear on his own behalf or obtain new counsel.

4  Id.  The letter further informed Luxenberg that the court, as a condition of withdrawal, may

5  require Sedgwick to accept service of documents pertaining to this case for forwarding

6  purposes until he makes an appearance on his own behalf or obtains new counsel.  Id.  On

7  January 12, 2009, Luxenberg's assistant responded to Sedgwick via e-mail, indicating that

8  Luxenberg had received Sedgwick's letters and would call the next day.  Gherini Decl. ¶ 10,

9  Exh. C.  Luxenberg, however, failed to respond, prompting Sedgwick to advise Luxenberg's

10  assistant that the motion to withdraw would be filed on January 16, 2009.  Gherini Decl. ¶

11  11, Exh. D.  No response was received.  Gherini Decl. ¶ 11.

12       On January 16, 2009, Sedgwick filed a motion to withdraw as counsel for Luxenberg.

13  On January 23, 2009, j2 moved for an entry of default as to Luxenberg, which was

14  subsequently entered by the Clerk on January 28, 2009.  On February 11, 2009, j2 and

15  Sedgwick filed a stipulation entitled, "Stipulation of Non-Opposition to Motion to Withdraw

16  and to Set Aside Default."  It provides as follows: (1) j2 does not oppose the motion to

17  withdraw; (2) Sedgwick agrees, if the motion to withdraw is granted, to accept service of

18  papers on behalf of Luxenberg and forward them to his last known address, until such time

19  as the case is resolved or Luxenberg appears by other counsel or *pro se*; (3) Sedgwick

20  agrees to notify j2 of all last known contact information for Luxenberg; (4) following

21  Sedgwick's withdrawal, j2 will make any service on both Luxenberg and Sedgwick until the

22  case is resolved or Luxenberg appears by other counsel or *pro se*; and (5) j2 agrees to set

23  aside the default as to Luxenberg without prejudice to j2's right to renew its request for

24  default either on the date this court issues an order on the motion to withdraw or by March

25  31, 2009, whichever is earlier.

26       After reviewing the papers submitted by the parties and the reasons for withdrawal

27  noted by Sedgwick, the court concludes that there is good cause to grant Sedgwick's motion

28  to withdraw.  Luxenberg's refusal to communicate with Sedgwick, despite Sedgwick's

multiple attempts to contact him, makes it unreasonably difficult for Sedgwick to represent

1   Luxenberg effectively.  Moreover, according to Sedgwick, Luxenberg has failed to pay an

2   unspecified amount of attorney's fees.  The court further concludes that  withdrawal will not

3   prejudice justice or unduly delay resolution of this case.  Sedgwick has provided Luxenberg

4   sufficient written notice of its intent to withdraw.  Sedgwick has also warned Luxenberg of

5   the possible adverse consequences of its withdrawal and the actions Luxenberg needs to

6   take in order to avoid such consequences.

7                                              **CONCLUSION**

8          Accordingly, it is hereby ORDERED that Sedgwick's motion to withdraw as counsel of

9   record in this matter for Luxenberg is GRANTED.  Because Sedgwick's motion to withdraw

10  as counsel is not accompanied by a simultaneous appearance of substitute counsel or

11  agreement by Luxenberg to appear *pro se*, Sedgwick shall continue to accept service of

12  papers for forwarding purposes until Luxenberg appears by other counsel or *pro se*.  It is

13  further ORDERED that, pursuant to the stipulation entered into between j2 and Sedgwick,

14  the default against Luxenberg entered on January 28, 2009 is hereby set aside without

15  prejudice to j2's right to renew its request for default following the issuance of this order.  On

16  March 26, 2009, at 2:30 p.m., a case management conference will be held.  Luxenberg shall

17  appear in person or by counsel.

18         **IT IS SO ORDERED.**

19  Dated: February 24, 2009

20

21                                                              _____
                                                                PHYLLIS J. HAMILTON
22                                                              United States District Judge

23

24

25

26

27

28

4